UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON STEPHEN REDHEAD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VETERANS MEMORIAL HOSPITAL,<br><br>    Defendant. | Case No. 16-cv-00943-KAW<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; ORDER CONTINUING CASE MANAGEMENT CONFERENCE TO 8/9/16**<br><br>Re: Dkt. No. 1, 7, 8 |

On February 25, 2016, Plaintiffs Ron Stephen Redhead and Shana Howard filed a complaint against Veterans Memorial Hospital, generally alleging that they were discriminated against on various grounds because Ms. Howard was not permitted to accompany Mr. Redhead during his cancer treatments. (Dkt. No. 1.) Mr. Redhead filed an application to proceed *in forma pauperis*, which was granted. (Dkt. No. 9.) Ms. Howard did not file an IFP application.

On March 22, 2016, Mr. Redhead consented to the undersigned. On March 30, 2016, Mr. Redhead filed an amended complaint, in which he is the only named plaintiff. (Dkt. No. 7.) On April 4, 2016, Mr. Redhead filed another amendment, in which he is again the only named plaintiff. (Dkt. No. 8.) Combined with her failure to file an IFP application, the Court interprets these actions to be tantamount to a dismissal of Ms. Howard's claims without prejudice, such that she is no longer a party to the litigation.

As an initial matter, Veterans Memorial Hospital and its employees are part of the United States Government, which requires that Plaintiff comply with the Federal Tort Claims Act ("FTCA") by filing an administrative claim prior to initiating a civil lawsuit. As the earliest date of injury was February 2, 2016, Plaintiff has apparently not complied with the FTCA, as the six month time period for the Agency to respond to an administrative claim has not elapsed. *See* 28

USC § 2675(a). Nor does the complaint allege that Plaintiff has complied with the FTCA, which is required to state a tort claim against the United States. As a result, the original complaint and all purported amendments are dismissed with leave to amend to allege compliance with the FTCA. If Plaintiff has not filed an administrative claim, and completed the claims process, he cannot in good faith allege that he has exhausted his administrative remedies. In that situation, Plaintiff should dismiss his case without prejudice, because the Court would not have subject matter jurisdiction, and so would be required to dismiss the case. In the event that Plaintiff needs to file an administrative claim, he may still do so,[1] but must pursue and complete the claims process prior to filing another lawsuit.

Accordingly, Plaintiff's complaint and other amendments are dismissed with leave to amend to allege, if possible, that he has exhausted his administrative remedies under the Federal Tort Claims Act on or before **May 16, 2016**. The future complaint should be titled the Third Amended Complaint. Plaintiff is advised that he should not file "amendments" based on individual appointment visits, as all facts should be contained in a single pleading.

Plaintiff is on notice that the third amended complaint will supersede the original complaint and all amendments, such that they will be treated as nonexistent. *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). For that reason, Plaintiff shall properly identify the legal and factual bases for all of his claims, free of any reference to any prior complaint. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

In amending his complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at:

---

[1] If Plaintiff has not already done so, he must file an administrative claim. While a specific format is not required, he may find Standard Form 95 (available online at *https://www.justice.gov/civil/documents-and-forms-0*) useful. Regardless, a claim must be filed within two years of the date of injury.

*http://cand.uscourts.gov/proselitigants*.

Additionally, the case management conference scheduled for May 31, 2016 is continued to **August 9, 2016** at 1:30 PM in Courtroom 4, U.S. District Court, 1301 Clay Street, Oakland, California. A joint case management conference statement is due on or before August 2, 2016.

IT IS SO ORDERED.

Dated: April 14, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California